IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Benjamin F. Coleman, | ) |
|       Petitioner, | )  C/A No. 5:11–1595-TMC-KDW |
| v. | )  **OPINION & ORDER** |
| Warden Leroy Cartledge, | ) |
|       Respondent. | ) |

Benjamin F. Coleman ("Petitioner"), a state prisoner proceeding pro se, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on Respondent's Motion for Summary Judgment. (Dkt. # 8). By order filed September 1, 2010, pursuant to *Roseboro v. Garrison,* 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. # 10). On October 25, 2011, Petitioner filed a response opposing Respondent's Summary Judgment Motion. (Dkt. # 17.)

**Applicable Law**

Since Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett,* 134 F.3d 615 (4th Cir.1998). The AEDPA imposes a one-year limitations period on habeas applications by persons "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitations period runs

> from the latest of-
> 
> (A) the date on which the judgment became final by the conclusion of direct

>   review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).  In rare circumstances, the one-year limitations period may be equitably tolled, but "only if [the petitioner] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  *Holland v. Florida*, --- U.S. ----, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010) (*quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

**Procedural History**

Petitioner is currently incarcerated at the McCormick Correctional Institution. In May 2011, Petitioner was indicted for murder, two counts of possession of a weapon during the commission of a violent crime, pointing a firearm, and assault and battery of a high and aggravated nature ("ABHAN"). He was represented by attorney J. Roger Poole.  On June 4, 2001, Petitioner pled guilty to the charges before the Honorable Paul E. Short, Jr. (Pet. at 1). Petitioner was sentenced to life for the murder, ten years for the ABHAN, five years for the possession of a pistol, and five years for pointing a firearm. *Id.*  Petitioner timely filed a direct appeal.  (Pet. at 2).

2

Petitioner was represented by Assistant Appellate Defense Robert M. Dudek who filed an *Anders*[1] brief raising the following issue:

> Whether the judge erred by instructing appellant he could appeal his guilty plea, since the offer of an appeal made the plea an impermissible conditional plea because it offered a possibility of relief on appeal even if appellant pled guilty?

(Return Attach. # 2- *Anders* Brief at 3). Dudek also filed a petition to be relieved as counsel. *Id.* at 9. Petitioner filed a pro se brief raising the following issues:

> 1. Did the court err by denying appellant right to have counsel at the arraignment/bond hearing? Ineffective assistance of counsel
>
> 2. Was Appellant coerced into his guilty plea by being under the presumption of impermissible conditions of plea agreement?
>
> 3. Did the court err by instructing appellant that he could appeal his guilty plea?
>
> 4. Did the state err in medical examination done 75 days after offense because it was 60 days past the 15 days which is required by the Blair hearing?

(Return Attach. # 3 - Pro Se Brief at iii). The South Carolina Court of Appeals affirmed Petitioner's convictions and sentence and dismissed his appeal in *State v. Coleman*, Op. No. 2002-UP-632 (S.C. Ct. App. filed October 21, 2002). (Return Attach. # 4). The Remittitur was issued on November 21, 2002. (Return Attach. # 5).

On February 26, 2003, Petitioner then filed an application for post-conviction relief ("PCR"), raising the following grounds for relief: 1) Ineffective assistance of counsel; 2) Involuntary guilty plea; and 3) Lack of subject matter jurisdiction. (Return Attach. # 1 - App. at 60). Petitioner was represented by attorney Denise Morrow. (Return Attach. # 1 - App. at 74). On July 31, 2006, an evidentiary hearing was held

---

[1] *Anders v. California*, 386 U.S. 738 (1967).

before the Honorable Lee Alford. *Id.* On October 14, 2006, Judge Alford issued an Order of Dismissal, denying and dismissing all of Petitioner's allegations with prejudice. (Return Attach. # 1- App. 122-131). The Order was filed on October 19, 2006. *Id.* at 122.

Petitioner appealed the denial of PCR. Petitioner was represented by Appellate Defender Elizabeth A. Franklin of the South Carolina Commission on Indigent Defense. Franklin filed a *Johnson*[2] petition raising the following issue: "Did the PCR judge err when he found that petitioner's plea of guilty was voluntary?" (Return Attach. # 7- *Johnson* Pet. at 2). Franklin also filed a petition to be relieved as counsel. Petitioner filed a pro se brief raising the following issues:

> 1) Was trial counsel ineffective rendering Petitioner's guilty plea involuntary?
>
> 2) Whether the PCR Judge erred by not addressing issue of due process violation regarding Exhibit 1, Psychological Evaluation?
>
> 3) Did the trial court err by sentencing Petitioner for Possession of a Firearm during the Commission of a violent crime?
>
> 4) Whether trial counsel was ineffective admitting he did not check for overlapping of weapons charges and possible double jeopardy violation?
>
> 5) Whether trial counsel disregard for Petitioner's receipts was ineffective assistance?
>
> 6) Whether the Court erred by not immediately appointing Petitioner charged with felonies counsel assistance at (September 1, 2000, Preliminary Hearing) to advise him of affirmative defense prejudicial?
>
> 7) Whether counsel absence affected September 1, 2000, preliminary hearing cause of prejudice to Petitioner with regards kidnapping charges?

---

[2] *Johnson v. State*, 364 S.E.2d 201 (S.C. 1988).

4

> 8) Whether absence of counsel from September 1, 2000, (bond hearing) a (plea stage) Petitioner suffered prejudice due to no defense assistance not offered?

(Return Attach. # 8 - Pro se *Johnson* Brief at 2). The appeal was transferred to the South Carolina Court of Appeals by Order of the South Carolina Supreme Court. (Return Attach. # 9). The Court of Appeals denied the petition and granted counsel's request to withdraw. (Return Attach. # 10). The Remittitur was issued on December 10, 2009. (Return Attach. # 11).

On July 16, 2010, Petitioner filed a second application for PCR. (Return Attach. # 12). On November 5, 2010, the Honorable Lee S. Alford entered a Conditional Order of Dismissal finding this PCR application successive and barred by the statute of limitations. (Return Attach. # 15 at 4-5). On July 28, 2011, the Honorable John C. Hayes, III, filed a final order of dismissal. (Return Attach. # 16). Judge Hayes found Petitioner's PCR application was untimely and successive and therefore denied the petition and dismissed it with prejudice. *Id.*

Petitioner filed this habeas action on June 22, 2011. (Habeas Pet. Attach. # 2).[3] He raises the following grounds for relief:

> **Ground One:** Double Jeopardy Violation
>
> **Ground Two:** Denial of effective assistance of counsel cause due process violation regarding exhibit 1.
>
> **Ground Three:** Denial of effective assistance of counsel cause a Procedural Due Process Violation regarding appointment of counsel.
>
> **Ground Four:** Denial of effective assistance of counsel.

---

[3]This filing date reflects that the envelope containing the petition was stamped as having been received on June 22, 2001, at the McCormick Correctional Institution mailroom. (Habeas Pet. Attach. # 2.) *Houston v. Lack*, 487 U.S. 266 (1988) (holding prisoner's pleading is considered filed when filed with prison authorities for forwarding to the district court).

5

> Caused this Petitioner of unknowingly and unintelligently waive right to arraignment.
>
> **Ground Five:** Conviction obtained by coerce confession
>
> **Ground Six:** Failure to appoint counsel.
>
> **Ground Seven:** Conviction obtained by violation of statutory law 17-25-130
>
> **Ground Eight:** Denial of effective assistance of counsel. Failure to object to sentencing error.

(Habeas Pet.)[4]

## Discussion

Petitioner pled guilty on June 4, 2001, and he timely filed a direct appeal. His convictions and sentences were affirmed and Petitioner's convictions became final on November 21, 2002, when the South Carolina Court Appeals sent down the remittitur.[5] Thus, Petitioner had one year within which to file a petition for federal habeas relief. After ninety-six (96) days had lapsed, Petitioner filed his first PCR application on February 26, 2003. The one-year period was tolled during the pendency of his state PCR and thus Petitioner had 269 days remaining to file once his PCR was final. The South Carolina Court of Appeals denied Petitioner's appeal from the denial of his first PCR and the remittitur was sent down on December 10, 2009, restarting the running of the statute of limitations period on December 11, 2009. Accordingly, Petitioner had 269 days, or until September 26, 2010, to file for federal habeas relief. As noted above,

---

[4] The court notes that Petitioner previously filed a federal habeas petition in 2005. (8:05-1600-HMH-BHH). United States District Judge Henry M. Herlong dismissed that petition without prejudice finding Petitioner had failed to exhaust his state remedies.

[5] The Petitioner is not entitled to toll the ninety days to seek certiorari review from the United States Supreme Court since he did not seek review from the South Carolina Supreme Court. *See Reddock v. Ozmint*, 2010 WL 568870 at 3–6 (D.S.C. Feb.11, 2010).

6

Petitioner filed this habeas petition on June 22, 2011, which is almost nine months after the statute of limitations period had run.

Petitioner filed another PCR application in state court on July 16, 2010. However, the PCR Court of Appeals dismissed the application as untimely and successive. The pendency of this PCR application did not toll the statute of limitations because an untimely and successive application is not "properly filed." *Pace v. Diguglielmo*, 544 U.S. 408, 413 (2005). Accordingly, Petitioner's habeas petition is not timely.

Furthermore, in his response to Respondent's Motion for Summary Judgment, Petitioner does not contend that he is entitled to the application of equitable tolling. In fact, Petitioner does not address the timeliness of this petition at all. In any event, based upon the current record, the court finds Petitioner would not be entitled to equitable tolling.

"Equitable tolling is appropriate when, but only when, extraordinary circumstances beyond the petitioner's control prevented him from complying with the statutory time limit." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (internal quotation marks omitted). Petitioner's pro se status does not entitle him to the application of equitable tolling of the statute of limitations. Unfamiliarity with the legal process and lack of representation also do not constitute grounds for equitable tolling. *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). Likewise, negligence by counsel does not warrant equitable tolling. *Holland v. Florida*, 130 S.Ct. 2549, 2564 (2010). Nor do prison conditions, such as an inadequate library, transfers, lockdowns, or misplacement of legal papers, normally provide a basis for equitable tolling. *Harry v. Johnson*, 2006 WL 3299992, *3 (E.D.Va. 2006) (allegations of inadequate prison law libraries); *Dodd v. United States*, 365 F.3d 1273, 1283 (11th Cir. 2004)(lockdowns); *Allen v. Johnson*, 602

F.Supp.2d 724, 727–28 (E.D.Va. 2009)(transfers and lockdowns). Petitioner simply has not argued or shown the existence of extraordinary circumstances beyond his control that would have prevented him from filing this federal habeas petition within the one-year limitations period. Nor has Petitioner argued or shown that he acted with the diligence required to render equitable tolling appropriate to this case.

Based on the foregoing, the court concludes that Petitioner's § 2254 petition was filed after expiration of the AEDPA's one-year limitation period and Petitioner has not shown that he is entitled to statutory or equitable tolling.  Accordingly, this § 2254 petition should be dismissed as time-barred.  It is therefore **ORDERED** that the habeas petition is **DISMISSED** with prejudice.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

                                      s/Timothy M. Cain
                                      United States District Judge

Greenville, South Carolina
January 18, 2012