IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Benjamin F. Coleman, | ) |
|                 Petitioner, | ) C/A No. 5:11–1595-TMC |
| v. | ) **OPINION & ORDER** |
| Warden Leroy Cartledge, | ) |
|                 Respondent. | ) |

This matter is before the court on Petitioner's Motion for Reconsideration. (Dkt. # 31) Petitioner Benjamin F. Coleman ("Petitioner"), a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent filed a motion for summary judgment and Petitioner filed a response opposing the motion. In an order filed January 18, 2012, the court concluded that Petitioner's § 2254 petition was filed after the expiration of the AEDPA's one-year limitation period and Petitioner had not shown that he was entitled to statutory or equitable tolling. Accordingly, the court dismissed the petition as time-barred.

In his motion to reconsider, Petitioner asks the court to excuse his procedural default based upon a fundamental miscarriage of justice. The phrase "fundamental miscarriage of justice" usually involves a claim of actual innocence often used to attempt to satisfy an exception to a procedural default. *See Schlup v. Delo*, 513 U.S. 298, 315 (1995). However, in the context of a petition barred by the statute of limitations, a significant question exists as to the viability of an "actual innocence" exception. *Compare Souter v. Jones*, 395 F.3d 577, 599 (6th Cir. 2005), *with Escamilla v. Jungwirth*, 426 F.3d 868, 872 (7th Cir. 2005).

In any event, even assuming that such an exception does apply in this context,

Petitioner has not shown actual innocence. Petitioner would have to "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. That evidence must demonstrate that "'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Id.* at 327 (*quoting Murray v. Carrier*, 477 U.S. 478, 496 (1986)). Under this standard, a "petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* Moreover, a petitioner must show factual innocence and not merely legal insufficiency. *Wright v. Angelone,* 151 F.3d 151, 158 n. 2 (4th Cir.1998).

Petitioner has not presented any evidence, either new or old, that would show his factual innocence. Accordingly, Petitioner's "fundamental miscarriage of justice" argument will not excuse his failure to comply with the statute of limitations.

As for Petitioner's argument that he is entitled to equitable tolling because counsel failed to file a Rule 59(e) motion, this argument is also without merit. Ineffective representation by counsel generally is an insufficient justification for the application of equitable tolling. *See Rouse v. Lee*, 339 F.3d 238, 248 (4th Cir. 2003) (*quoting Beery v. Ault*, 312 F.3d 948, 951 (8th Cir. 2002) ("[i]neffective assistance of counsel generally does not warrant equitable tolling").

Accordingly, Petitioner's Motion for Reconsideration is **DENIED.**

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*,

252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

                                        s/Timothy M. Cain
                                        United States District Judge

Greenville, South Carolina
February 10, 2012